UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-00084-MOC-DSC

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DEBORAH C. SOFIELD** | ) | |
| **ROBERT T. SOFIELD** | ) | |
| **SOFIELD CHILDREN'S LIMITED** | ) | |
| **PARTNERSHIP,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on what remains of the defendants' Motion to Dismiss (#13). On June 13, 2017, this Court[1] granted in part, denied in part, and deferred in part defendants' Motion to Dismiss, dismissing Count Two of the Complaint, denying dismissal as to Count Three and as to defendants' Rule 12(b)(7) and Rule 19 arguments, and deferring consideration of defendants' argument as to plaintiff's Count One claim of conversion. Order (#18) at 19. In compliance with the Order, the parties have now re-briefed the Rule 12(b)(6) motion as to plaintiff's Count One claim of conversion.

The Court has considered those briefs and will deny defendants' remaining Rule 12(b)(6) Motion to Dismiss Count One. The Court agrees with plaintiff that its cause of action in Count One, Conversion, sounds in tort despite the existence of an underlying Escrow Agreement. As a tort claim, it is not governed by the choice of laws provision in the Escrow Agreement, which applies to breaches of that contract. Further, plaintiff is not contending that defendants breached

---

[1] Honorable Richard L. Voorhees, United States District Judge, then presiding.

1

the contract in receiving inadvertently disbursed funds; rather, plaintiff is contending that defendants failed to comply with their common law duty to return those funds. See Peed v. Burleson's, Inc., 244 N.C. 437, 439 (1956); Addison Whitney, LLC v. Cashion, 17 CVS 1956, 2017 WL 2506604, at *6 (N.C. Super. June 9, 2017) (holding that "[c]onversion is a tort with deep roots in the common law.").

Applying North Carolina conflict of laws rules, the law applicable to the *situs* of the claim applies here. Boudreau v. Baughman, 322 N.C. 331, 335 (1988). Plaintiff contends that it mistakenly sent the funds to defendants in North Carolina and that defendants did not thereafter return those funds. North Carolina law, therefore, will be applied to Count One. While defendants argue that the claim of conversion should be recast as a breach of contract claim, the Court does not agree inasmuch as "the cause of action for conversion of assets was not based on the validity, interpretation, construction or performance of the agreement." Edmondson v. American Motorcycle Association, Inc., 54 F.Supp. 544, 551 (W.D.N.C. 1999), *aff'd in relevant part,* 7 F. App'x 136, 146-48 (4th Cir. 2001).

Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that the remainder of defendants' Motion to Dismiss (#13) is **DENIED**.

Defendants are instructed to Answer the remainder of the Complaint within 14 days.

Signed: September 5, 2017



Max O. Cogburn Jr
United States District Judge